## SEABOARD AIR-LINE RAILWAY *v.* JOHNSON.

LUMPKIN, J. 1. Where, in an action against a railway company to recover damages, a physician, who was desired as an expert witness for the defendant and who was expected to testify as to an examination of the plaintiff and the extent of his injuries, agreed with the counsel for the defendant that he would be present at the trial upon notice, but, though notified, was called upon to treat an emergency case and did not arrive until after the evidence had closed and the argument had begun; and where it does not appear that counsel for the defendant moved the court to grant a continuance or postponement before closing the evidence and proceeding to the argument, the absence of such witness furnished no ground for the grant of a new trial.

(a) If, after the arrival of the witness, counsel for the defendant requested the court to reopen the case and allow the witness to testify, this was a matter addressed to the sound discretion of the court.

2. In a suit by an employee of a railway company on account of a personal injury alleged to have resulted from negligence on the part of the company in allowing a certain iron, by which it was his duty to hold himself upon the car, to become loose, so that it gave way and he was precipitated to the ground, it was not error to omit to charge that the plaintiff assumed all ordinary risks incident to his employment. Civil Code, § 3131.

3. A request to charge which involved stating to the jury that certain acts on the part of the plaintiff, if they existed, would amount to negligence preventing a recovery, was properly refused.

4. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

> *Judgment affirmed. All the Justices concur.*
> FEBRUARY 14, 1913.

Action for damages. Before Judge Pendleton. Fulton superior court. December 8, 1911.

*W. G. Loving,* for plaintiff in error.

*Candler, Thomson & Hirsch,* contra.